No. 279 April 1, 2026 275

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. M. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. M. W.,
*Respondent,*

*v.*

J. A. W.,
*Appellant.*

Lane County Circuit Court
25JU01406; A188534

Debra E. Velure, Judge.

Submitted February 18, 2026.

Aron Perez-Selsky filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Greg Rios, Assistant Attorney General, filed the brief for respondent Department of Human Services.

George W. Kelly filed the brief for respondent S. M. W.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this juvenile dependency case, father appeals from a judgment asserting dependency jurisdiction over his child, S, who was three months old at the time of the jurisdictional trial.[1] In a single assignment of error, he asserts that the juvenile court erred in asserting jurisdiction based on father's "relationship with the mother [involving] fighting, high conflict, volatility, and/or domestic discord" posing a current threat of serious loss or injury at the time of the trial. We affirm.

Because father challenges the sufficiency of the evidence, the question before us is purely a legal one in which we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018).

The juvenile court is authorized to assert dependency jurisdiction over a child when the child's condition and circumstances expose the child to a current threat of serious loss or injury that will likely be realized. ORS 419B.100(1)(c); *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). The petitioner—which in this case is the Oregon Department of Human Services (ODHS)—bears the burden of proof. *Id.* That burden includes demonstrating a nexus between the child's allegedly risk-causing conditions and circumstances, and a threat of harm to the child of the type, degree, and duration as to justify juvenile court intervention into the constitutionally protected family sphere. *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 121, 312 P3d 608 (2013). Proof of harm or risk at some point in the past is insufficient; the threat must be current at the time of trial. *State v. S. T. S.*, 236 Or App 646, 654, 238 P3d 53 (2010). Nor can the risk be speculative; there must be a reasonable probability that the risk will be realized. *Dept. of*

---

[1] S's mother also appealed from the judgment asserting dependency jurisdiction over S, and, in an opinion issued this same day, we affirmed. *Dept. of Human Services v. B. L. B.*, 348 Or App 272(April 1, 2026) (nonprecedential memorandum opinion).

*Human Services v. J. H.*, 292 Or App 733, 738, 425 P3d 791 (2018).

As noted, here, the juvenile court asserted dependency jurisdiction over S, as to father, based on "father's relationship with the mother [involving] fighting, high conflict, volatility, and/or domestic discord, which presents a threat of harm." Father contends that the court erred because he completed a domestic violence program and there was no evidence that he would continue to engage in domestic violence within S's perception. Father further maintains that, even if there was sufficient evidence that he harassed mother as described in the protective order, there was insufficient evidence that such conduct exposed S to a threat of serious loss or injury.

Having reviewed the evidentiary record, we conclude that the evidence was legally sufficient to support the assertion of dependency jurisdiction. As ODHS's and child's respective briefs assert, because there is a long history of domestic violence between father and mother that has adversely affected other children that are not at issue in this case, there was legally sufficient evidence for the juvenile court to conclude that father's unaddressed domestic-violence issues over a long period of time were not resolved by the completion of one program and would expose S to a similar risk of harm. Accordingly, we affirm.

Affirmed.