272 April 1, 2026 No. 278

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. M. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. M. W.,
*Respondent,*

*v.*

B. L. B.,
*Appellant.*

Lane County Circuit Court
25JU01406; A188532

Debra E. Velure, Judge.

Submitted February 18, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, Kyle Sessions Vazquez, Deputy Public Defender, and Sean Connor, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent Department of Human Services.

George W. Kelly filed the brief for respondent S. M. W.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this juvenile dependency case, mother appeals from a judgment asserting dependency jurisdiction over her child, S, who was three months old at the time of the jurisdictional trial.[1] In five assignments of error, she challenges each individual basis on which the juvenile court asserted jurisdiction over the child, as well as the ultimate ruling that asserted dependency jurisdiction over the child. Having reviewed the parties' arguments and the evidentiary record, we affirm.

Because mother challenges the sufficiency of the evidence, the question before us is purely a legal one in which we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018).

The juvenile court is authorized to assert dependency jurisdiction over a child when the child's condition and circumstances expose the child to a current threat of serious loss or injury that will likely be realized. ORS 419B.100(1)(c); *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). The petitioner—which in this case is the Oregon Department of Human Services (ODHS)—bears the burden of proof. *Id.* That burden includes demonstrating a nexus between the child's allegedly risk-causing conditions and circumstances, and a threat of harm to the child of the type, degree, and duration as to justify juvenile court intervention into the constitutionally protected family sphere. *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 121, 312 P3d 608 (2013). Proof of harm or risk at some point in the past is insufficient; the threat must be current at the time of trial. *State v. S. T. S.*, 236 Or App 646, 654, 238 P3d 53 (2010). Nor can the risk be speculative; there must be a reasonable probability that the risk will be realized. *Dept. of*

---

[1] S's father also appealed from the judgment asserting dependency jurisdiction over S, and, in an opinion issued this same day, we affirmed. *Dept. of Human Services v. J. A. W.*, 348 Or App 275 (April 1, 2026) (nonprecedential memorandum opinion).

*Human Services v. J. H.*, 292 Or App 733, 738, 425 P3d 791 (2018).

Here, as to mother, the juvenile court asserted dependency jurisdiction over child based on mother's substance abuse disorder interfering with her ability to safely parent, mother's high-conflict relationship with father presenting a threat of harm, and mother's mental health interfering with her ability to safely parent. On appeal, mother argues that the court erred in asserting jurisdiction on each of the bases because, in her view, the evidence was legally insufficient given that mother and father lived separately at the time of trial, none of the more recent incidents of domestic violence occurred in the presence of children, and mother was actively engaged in intensive outpatient substance abuse treatment at the time of trial.

Having reviewed the evidentiary record, we conclude that the evidence was legally sufficient to support the assertion of dependency jurisdiction. As ODHS and child assert, there was sufficient evidence before the juvenile court for it to conclude that mother and father continued to be in a high-conflict relationship that presented a risk of harm to child and that mother was actively using controlled substances, despite being in treatment, shortly before the dependency trial. Further, mother's mental health issues impaired her ability to understand how her substance abuse issues and continued high-conflict relationship with father impacted her ability to safely parent child. Accordingly, we affirm.

Affirmed.